## No. 14,626.

NORTHERN COLORADO WATER CONSERVANCY DISTRICT *v.* WITWER, TREASURER, ET AL.

(116 P. [2d] 200)

Decided August 4, 1941.

Mr. Thomas A. Nixon, for plaintiff in error.

Mr. Clay R. Apple, Mr. Frank F. Dolan, Mr. Corbin E. Robison, Mr. Marcus C. Leh, for defendants in error.

*En Banc.*

Mr. Chief Justice Francis E. Bouck delivered the opinion of the court.

The case at bar was instituted in the Weld county district court by the plaintiff Northern Colorado Water Conservancy District against the defendant county treasurers of Weld, Boulder, Larimer, Morgan, Washington and Logan counties, each of which counties, along with the county of Sedgwick, or a part of each of the counties named, lies within the plaintiff district; the purpose being to obtain a judgment declaring that the district is entitled to a portion of the so-called annual specific ownership tax. General demurrers of the defendants challenged the sufficiency of the complaint. Those demurrers were sustained and the case was disposed of in the lower court by a judgment of dismissal now before

us for review. We therefore proceed to analyze the complaint.

The facts alleged are in substance as follows:

The plaintiff district was organized under the Water Conservancy Act (Chapter 266, S.L. 1937); under section 16 thereof the board of directors of the district, at its regular meeting on September 29, 1937, adopted a resolution fixing a rate of 3/10 of one mill to be levied for the year 1938 upon every dollar of assessed valuation of the property, both real and personal, within the district; the tax was extended by the assessors of the above-mentioned counties on their respective tax rolls, but they did not extend it against motor vehicles, trailers, or semi-trailers; the board of directors of the district similarly fixed a levy of 4/10 of one mill for the year 1939, at its regular meeting on September 3, 1938, upon the aforesaid property, the assessors again omitting the motor vehicles, trailers and semi-trailers when extending the tax; the county treasurers received the proceeds for the year 1938 of the annual specific ownership tax prescribed by statute on motor vehicles, trailers and semi-trailers and are receiving like proceeds for the year 1939; a controversy has arisen as to whether the county treasurers are required to allot to the conservancy district any portion of the annual specific ownership tax above referred to. This tax is provided for in section 108 (a) of chapter 16, '35 C.S.A., volume 2, as expressly amended by chapter 94 of Session Laws 1937, page 328, subdivision "(6)" whereof, at page 333, reads as follows: "The county clerk and recorder shall report weekly and pay to the County Treasurer all annual specific ownership taxes collected by him and accept his receipt therefor, and said county treasurer shall distribute, apportion, credit and pay over to the state and its political subdivisions said specific ownership tax as provided by law with reference to ad valorem taxes. The Colorado State Tax Commission shall pay over funds and moneys received by it to the

county treasurers at such times as are reasonable under regulations of the commission."

The sole issue before us is whether or not the plaintiff Northern Colorado Water Conservancy District is one of the "political subdivisions" of the State of Colorado within the purview of section 6 of article X of the Colorado Constitution as amended in 1936 (*Chapter 93, S.L. 1937, page 326) in pursuance of which that statute was enacted.

■ It seems clear that the functions of a district organized as was the plaintiff in error, however the district may be designated, are in no sense the functions of a state subdivision like counties, cities, towns and school districts, which are mentioned in the Constitution of Colorado. Art. X, sec. 13; Art. XI, sec. 1; Art. XI, sec. 2. These subdivisions were the only governmental subdivisions, in a political sense, named in our fundamental law at the time the aforesaid constitutional amendment of 1936 was adopted. At that time, of course, there existed no "conservancy districts" by virtue of the 1937 statute, later enacted, under which the plaintiff in error was organized as above stated.

■ An examination of chapter 94, S.L. 1937, discloses that the annual specific ownership tax on motor vehicles, trailers and semi-trailers is a tax directly fixed

---

*"Section 6. All laws exempting from taxation, property other than that hereinbefore mentioned, shall be void; Provided however, that the General Assembly shall enact laws classifying motor vehicles, trailers and semi-trailers and requiring the payment of a graduated annual specific ownership tax thereon, which said tax shall be in addition to, and payable to the proper county officer at the same time as state registration or license fees.

"Said graduated annual specific ownership tax shall be in lieu of all ad valorem taxes upon such property, and shall be distributed, apportioned, credited and paid over to the State and its political subdivisions as provided by law with reference to ad valorem taxes; Provided further, that such laws shall not exempt from ad valorem taxation motor vehicles, trailers and semi-trailers in process of manufacture, or held in storage, or which constitute the stock of manufacturers, or distributors thereof or of dealers therein."

according to a prescribed method with reference to each particular vehicle, not under an additional levy made by the taxing unit, supplying additional revenue, but by the statute itself, which makes the amount depend upon the factory list price and the age of the vehicle. The tax is expressly stated to be in lieu of any and all ad valorem taxes. The size of the tax is not derived by calculating a levy percentage on a given base, as where ad valorem taxes are ascertained by such calculation on a base represented by an assessed valuation; but the tax itself, that is, the specific sum to be paid by the taxpaying motorist, is definitely determined by the statute apart from any question of ad valorem levy percentage. It follows that, if the specific ownership tax were allotted in part to the water conservancy district, the portion thereof allotted to previously existing counties, cities, towns and school districts would have to be correspondingly diminished. We hold that, before this result can be accomplished, the General Assembly must make it clear that such was its intention. We are not willing, in the circumstances shown, to say that the water conservancy district is a "political subdivision" within the meaning of the 1936 amendment of section 6 of article X of our State Constitution. We have given due consideration to the fact that the Water Conservancy Act calls such a district by the quoted designation. We think, however, that the creation of the tax was due to a desire, primarily, to insure payment of a fair tax for the vehicles in question at the very time when they are being registered, so as to prevent the total loss which often occurred under previously existing statutes.

Nothing that we said in the case of *People ex rel. v. Letford,* 102 Colo. 284, 79 P. (2d) 274, was intended to, or should be interpreted as conflicting with what we say in the present opinion.

Judgment affirmed.

MR. JUSTICE HILLIARD not participating.

MR. JUSTICE KNOUS concurs in the result.