J. Evan Goulding Commissioner Colorado Department of Agriculture 1525 Sherman Street, 4th Floor Denver, Colorado 80203
Dear Commissioner Goulding:
I am writing in response to your request for a formal legal opinion concerning the qualification of Longs Peak Water Association (LPWA) to participate in the Federal Surplus Property Program. The United States General Services Administration (GSA), through the Colorado Surplus Property Agency, has determined that LPWA does not qualify as a tax-exempt public health or educational organization under subsection 203(j)(3)(B) of the Federal Property and Administrative Services Act of 1949. (40 U.S.C. § 484(j)(3)(B)). Therefore, this opinion will address only the issue of whether LPWA qualifies alternatively under subsection 203(j)(3)(A) and (j)(5) of the Federal Property and Administrative Services Act of 1949 (hereinafter "the Act") as a public agency under Colorado law.
QUESTION PRESENTED AND CONCLUSION
Is the LPWA a public agency within the definitions of the Act and under Colorado law to qualify it to participate in the Federal Surplus Property Program?
My conclusion is that it is not.
ANALYSIS
LPWA was formed in 1960 as a nonprofit corporation under Colorado's nonprofit corporations laws, C.R.S. 1953, 31-20-1et seq. Among its "objects and purposes," the LPWA is to acquire, construct, maintain and operate a system for the diversion, supply, storage and distribution of water to the members of the corporation for domestic purposes. LPWA is typically involved in obtaining water for purification and distribution to its members for domestic use. LPWA was not formed as a water conservancy district or other special improvement district, nor as a municipal corporation under applicable Colorado law.
The Federal Surplus Property Program was established pursuant to the Act to allow surplus property from federal agencies to be distributed to certain entities and agencies of the various states.
Under the Act, the administrator of GSA may distribute surplus federal property: "to any public agency for use in carrying out or promoting for the residents of a given political area one or more political purposes, such as conservation, economic development, education, parks and recreation, public health and public safety." 48 U.S.C. § 484(j)(3)(A). 40 U.S.C. § 484(j)(5) provides in pertinent part:
 As used in this subsection, (A) the term "public agency" means any state, political subdivision thereof (including any unit of local government or economic development district) or any department, agency, instrumentality thereof. . . ."[1]
As an initial point, LPWA is not a department, agency or instrumentality of the state, since no Colorado statute has established its existence and it is not contained within the Administrative Organizational Act of 1968, C.R.S. 1973, 24-1-101,et seq. (1982 repl. vol. 10).[2] Although no precise definition of a "political subdivision" is contained in Colorado case law or statutes, other jurisdictions have defined and construed this term. A political subdivision of a state has been defined as a subdivision thereof to which has been delegated certain functions of local government. Standard Oil Co. v.National Surety Co., 143 Miss. 841, 107 So. 559 (1926); and as denoting any division of a state made by proper authorities thereof, for purposes of carrying out a portion of those functions of the state which by long usage and inherent necessities of government have always been regarded as public.Commissioner of Internal Revenue v. Shawberg's Estate,144 F.2d 998 (2d Cir. 1944). Upon a factual review of the object, purposes and activities of the LPWA, it is apparent that it does not meet the above criteria to constitute a political subdivision. LPWA was neither delegated functions of local government, nor was it established pursuant to state or governmental authority.
Particularly persuasive is the reasoning applied by the Idaho Supreme Court in Brizendine v. Nampa Meridian IrrigationDistrict, 97 Idaho 580, 548 P.2d 80 (1976). The question arose as to whether an irrigation district was subject to liability under the Idaho Tort Claims Act. The court ruled that an irrigation district, although previously defined as a "quasi-municipal" or "quasi-public" corporation, was not a municipal or public corporation within the definition of a "political subdivision" for purposes of the Claims Act. In reaching its conclusion the court reasoned:
 An essential element of a municipal or public corporation is a corporate purpose deemed to be for the welfare of the general public . . . however, an irrigation district's primary purpose is the acquisition and operation of an irrigation system as a business enterprise for the benefit of its shareholders.
Id., 548 P.2d at 87 (emphasis supplied).
Similarly, LPWA, while not a corporation for profit, is nonetheless a corporation whose primary purpose is to provide water to its members, much like the irrigation district inBrizendine, supra.
Although Colorado has determined that municipalities and counties are instrumentalities of the state, Board of CountyCommissioners of the County of Jefferson v. City andCounty of Denver, 150 Colo. 198, 372 P.2d 152 (1962), and that school districts are political subdivisions of the state,Hazlet v. Gaunt, 126 Colo. 385, 250 P.2d 188 (1952), LPWA is neither a municipality, county or school district. Further, even if the LPWA had been organized as a water conservancy district pursuant to C.R.S. 1973, 37-45-101 etseq., Colorado has determined that such a district was not a political subdivision of the state within the meaning of a constitutional amendment allowing political subdivisions to share in a portion of ownership taxes on vehicles. NorthernColorado Water Conservancy District v. Witwer, 108 Colo. 307,116 P.2d 200 (1941).
SUMMARY
In conclusion, it is my opinion that the Longs Peak Water Association is not a "public agency" under the Federal Property and Administrative Services Act of 1949 and under Colorado law. Consequently, the LPWA does not qualify under 40 U.S.C. § 484(j)(3)(A) to participate in the Federal Surplus Property Program.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC AGENCIES STATE AGENCIES PROPERTY, PUBLIC
40 U.S.C. § 484(j)
C.R.S. 1973, 37-45-101
C.R.S. 1973, 24-3-101
C.R.S. 1973, 24-4-102(3)
C.R.S. 1973, 24-10-103(5)
C.R.S. 1973, 24-91-102(3)
AGRICULTURE, STATE DEPT.
A nonprofit corporation providing water for its members is not a public agency within the definitions of the Federal Property and Administrative Services Act of 1949 and under Colorado law to qualify it to participate in the Federal Surplus Property Program.
[1] To this definition of "public agency," 41 C.F.R. 100-44.001-10 has added "multi-jurisdictional substate districts established by or pursuant to State law." LPWA would not fall within the definition.
[2] There is no precise definition of "public agency" under Colorado law. LPWA does not fall within the definition of "agency" under C.R.S. 1973, 24-3-101 (1982 repl. vol. 10) or24-4-102(3) (1982 repl. vol. 10) (State Administrative Procedure Act), nor within the definition of "public entity" under C.R.S. 1973, 24-10-103(5) (1982 repl. vol. 10) (Colorado Governmental Immunity Act) or 24-91-102(3) (1982 repl. vol. 10).